UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KELLY P. GIARRATANO           * | |
| * | CIVIL ACTION NO. _____ |
| Plaintiff           * | |
| * | SECTION: \_\_\_\_\_ |
| VERSUS           * | |
| * | JUDGE: _____ |
| * | |
| HUNTINGTON INGALLS INCORPORATED * | |
| INCORPORATED (formerly           * | MAG. JUDGE: _____ |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC. * | |
| formerly AVONDALE INDUSTRIES, INC.,           * | |
| AND formerly AVONDALE SHIPYARDS           * | |
| INC., formerly AVONDALE MARINE WAYS           * | |
| INC.); LOUISIANA INSURANCE GUARANTY           * | |
| ASSOCIATION; THE TRAVELERS INDEMNITY * | |
| COMPANY; CERTAIN UNDWERWRITERS           * | |
| AT LLOYD'S, LONDON; AND           * | |
| PENNSYLVANIA GENERAL INSURANCE           * | |
| COMPANY, (formerly AMERICAN           * | |
| EMPLOYERS INSURANCE COMPANY)           * | |

Defendants
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, Huntington Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.) (hereinafter, "Avondale"), who, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, notices the removal of the above-entitled action bearing No. 2021-10019 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (the "State Case"), to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. § 1441 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and because Avondale was, at all material times, acting under

00832125

an officer of the United States as set forth in 28 U.S.C. § 1442(a)(1). The grounds for removal are as follows:

1.

Venue is proper in this Court because it is the district court for the district in which the State Case is pending. 28 U.S.C. § 1442(a).

2.

On December 13, 2021, Plaintiff, Kelly Giarratano, filed a Petition for Damages naming Avondale as a defendant.[1] The Petition alleges that she was diagnosed with "asbestos-related lung cancer" as a result of exposure to asbestos from Avondale brought home on the clothes of her grandfather, Hughie Verdoodt, whom she was raised by.[2] Plaintiff alleges that Mr. Verdoodt worked at Avondale from 1942 through 1979.[3] Plaintiff alleges her exposures occurred from the time she was born in 1962 through 1979.[4] Although the Petition for Damages makes broad allegations of exposure to asbestos attributable to Avondale, it specifically alleges that Mr. Verdoodt, and subsequently Plaintiff, were exposed to asbestos from "commercial and **government vessels** at Avondale."[5]

3.

Most, if not all, of the "government vessels" constructed at Avondale were constructed for the federal government through contracts with the United States Navy, the United States Coast Guard, and the United States Maritime Administration ("MARAD"). During Plaintiff's alleged exposure period, 1962 through 1979, Avondale constructed numerous vessels pursuant to these

---

[1] Exhibit A, Petition for Damages.
[2] *Id.* at ¶ 3, 11, 21.
[3] *Id.* at ¶ 3.
[4] *Id.* at ¶ 3, 10.
[5] *Id.* at ¶ 18 (emphasis added).

00832125

contracts with the federal government. Specifically, Avondale constructed at least 110 vessels pursuant to these federal contracts during the alleged period of exposure. The federal vessels constructed during Plaintiff's alleged exposure period included U.S. Navy Destroyer Escorts ("D.E.s"), U.S. Coast Guard Cutters, and cargo vessels for MARAD. The federal vessels were built with asbestos-containing products and materials pursuant to the Navy, Coast Guard, and MARAD's requirements. Thus, because Plaintiff is alleging exposure from asbestos-containing materials from "government vessels" built at Avondale during this time, such exposure is necessarily attributable to asbestos-containing materials required and destined for use in the construction of these Navy, Coast Guard, and MARAD vessels, the only "government vessels" built by Avondale.

4.

Plaintiff's allegations in the Petition reveal that Plaintiff is claiming exposure at Avondale attributable, in part, to asbestos required and destined for use on U.S. Navy, Coast Guard, and MARAD vessels (the "Federal Vessels") pursuant to Avondale's contracts with the United States government.

5.

This removal is being filed within thirty days of service of Plaintiff's Petition for Damages on Avondale, December 16, 2021, and is, therefore, timely under 28 U.S.C. § 1446.

6.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1). To establish jurisdiction under this statute, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) it has acted pursuant to a federal officer's directions, and (4) the charged

00832125

conduct is related to an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

7.

Avondale is a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *E.g., Savoie v. Huntington Ingalls Incorporated,* 817 F.3d 457, 461 (5th Cir. 2016).

8.

Avondale was "acting under" an "officer … of the United States or [an] agency thereof" within the meaning of § 1442(a)(1) when it built the Destroyer Escorts and Cutters pursuant to contracts with the U.S. Navy and U.S. Coast Guard because the federal government contracted with Avondale to perform a task that the government otherwise would have had to perform by itself—namely, to build ships "used to help conduct a war" and to further other national interests. *E.g.*, *Watson v. Philip Morris Companies, Inc*., 551 U.S. 142, 153-54 (2007); *Savoie,* 817 F.3d at 461-62 (Avondale was acting under a federal officer in the construction of vessels for the United States Navy); *Cortez v. Lamorak Ins. Co.*, No. CV 20-2389, 2020 WL 6867250, at *5 (E.D. La. Nov. 23, 2020) (Avondale was acting under a federal officer in the construction of vessels for the United States Coast Guard).

9.

Avondale was also "acting under" a federal officer within the meaning of § 1442(a)(1) when it built vessels pursuant to contracts with MARAD, because the United States government, acting through MARAD, had contracted with Avondale to perform a task that the government otherwise would itself have had to perform – to build ships for use as naval and military auxiliaries, to promote foreign and domestic commerce, and to further other important national interests. *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015) (Avondale was acting under a

00832125

federal officer in the construction of vessels for the United States Maritime Administration); *Dempster v. Lamorak Ins. Co.*, No. CV 20-95, 2020 WL 468611, at *11 (E.D. La. Jan. 28, 2020) (same).

10.

Because Plaintiff alleges that her grandfather, and subsequently Plaintiff herself, sustained asbestos exposures from work undertaken in conjunction with the construction of the Federal Vessels at Avondale's shipyard, the use of asbestos-containing materials on those vessels was required, controlled, and/or authorized by officers of the United States.

11.

The Plaintiff's claims against Avondale are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. § 1442(a)(1) because the charged conduct is "connected or associated with" an act under a federal officer's direction. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d at 296.

12.

The use and installation of asbestos-containing materials in the construction of Federal Vessels was required by the contractual provisions and design specifications mandated by the federal government acting through the U.S. Navy, Coast Guard, and MARAD.

13.

The materials used in the construction of the Federal Vessels—including asbestos-containing materials—were the kind, type, and brand of materials specifically mandated by the Vessel Construction Contracts between Avondale and the United States government, and by the incorporated drawings, plans and specifications for the construction of the Federal Vessels.

00832125

14.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard the Federal Vessels—was supervised and monitored by inspectors and other representatives of the United States government to ensure that Avondale complied with the design specifications mandated by the U.S. Navy, Coast Guard, and MARAD.

15.

The inspections by representatives of the United States government included a determination that the supplies (including raw materials, components, and end products) used in the construction of the Federal Vessels were the supplies required by the contracts and specifications, including asbestos-containing thermal insulation and other asbestos-containing materials, as well as non-asbestos insulation materials. Inspections occurred throughout construction and prior to final acceptance of the Federal Vessels. If Avondale did not use the supplies required by the contracts, including asbestos-containing materials, the federal government could demand that Avondale replace the supplies with conforming materials and/or put Avondale in default of the contract.

16.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

17.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United Sates government prior to the delivery of each Federal

00832125

Vessel to ensure conformity with the design specifications mandated by the United States government.

18.

The United States government also promulgated specific safety rules, regulations and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Occupational Health and Safety Act, the Walsh-Healey Public Contracts Act, and the U.S. Department of Labor Safety and Health Regulations for Shipbuilding, 29 C.F.R. § 1502.1, which set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941. Avondale was guided by and required to comply with these safety regulations during the Federal Vessels' construction. United States government safety inspectors specifically monitored and enforced these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

19.

Avondale raises two colorable federal defenses to one or more of the Plaintiff's claims in this action. First, one or more of Plaintiff's claims are barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988), and its progeny. *Latiolais,* 951 F.3d at 297-98 (holding Avondale's *Boyle* defense is colorable). Furthermore, Plaintiff's negligence claims relate to the acts performed under color of federal office.

20.

The reasonably precise design specifications established by the U.S. Navy, Coast Guard, and MARAD mandated the installation of asbestos and asbestos-containing products on the

00832125

Federal Vessels. The Federal Vessels confirmed to the specifications mandated by the U.S. Navy, Coast Guard, and MARAD—the specifications mandated the use of asbestos, and Avondale built the Federal Vessels using asbestos. The United States government had knowledge of the potential hazards of asbestos-containing materials in the workplace that was equal to or superior to that of Avondale.

21.

Second, the Plaintiff's claims against Avondale are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny. *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here, rendering Avondale immune from suit, because Avondale performed the at-issue acts at the direction of federal government officers acting pursuant to federal government authorization.

22.

Removal under 28 U.S.C. § 1442 does not require the consent of any defendant. *See Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014); *Ely Valley Mines, Inc. v. Hartford Acc. and Indemnity Co.,* 644 F.2d 1310 (9th Cir. 1981); *Bottos v. Avakian,* 477 F. Supp. 610 (N.D. Ind. 1979), *aff'd*, 723 F.2d 913 (7th Cir. 1983).

23.

Because this Court has federal officer jurisdiction over at least one claim asserted by Plaintiff, it has supplemental jurisdiction over the entire action. *Savoie,* 817 F.3d at 463; 28 U.S.C. § 1367(a).

00832125

24.

With this Notice, Avondale is filing a "copy of all process, pleadings, and orders served upon" them in the State Case.  28 U.S.C. §§ 1446(a), (d).  In addition, written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

ACCORDINGLY, Avondale hereby gives notice that the proceeding bearing Case No. 2021-10019 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law, and asks that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

**Irwin Fritchie Urquhart & Moore LLC**

/S/ David M. Melancon
Gus A. Fritchie (#5751)
Timothy F. Daniels (#16878)
David M. Melancon (# 23216)
Scott Minyard (#21879)
Daphne M. Lancaster (#34630)
Laura A. Leggette (#35882)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504)310-2100
Facsimile: (504)310-2101
IrwinAvondale@irwinllc.com
**Counsel for Huntington Ingalls Incorporated**

00832125