UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLY GIARRATANO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-88** |
| **HUNTINGTON INGALLS INCORPORATED, ET AL.** | **SECTION: D (2)** |

**ORDER AND REASONS**

Before the Court is a Motion to Stay or, Alternatively, Sever and Stay Plaintiff's Claims Against It filed by Defendant Pennsylvania Insurance Company ("PIC").[1] The Plaintiff, Kelly Giarratano ("Giarratano"), has filed a response in opposition to the Motion.[2] Pennsylvania Insurance Company filed a reply in support of their Motion[3] as well as a supplemental memorandum.[4] The Motion is fully briefed. After careful review of the parties' memoranda, the record, and the applicable law, the Court **GRANTS** the Motion to Stay.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

In this asbestos exposure case, Plaintiff Kelly Giarratano alleges that she was exposed to asbestos while living with her grandfather, Hughie Verdoodt, a longtime employee of Avondale Shipyards, and that this exposure caused her to develop asbestos-related lung cancer.[5] Mr. Verdoodt worked at the main yards at Avondale

---

[1] R. Doc. 187.
[2] R. Doc. 192.
[3] R. Doc. 238.
[4] R. Doc. 523.
[5] *See* R. Doc. 53 at ¶¶ 10, 11.

as a welder from 1942 until his retirement in 1982.[6] Giarratano claims that from 1962—her year of birth—through 1982—the year her grandfather stopped working at Avondale—she was exposed to asbestos fibers that accumulated on her grandfather's work clothing and that she inhaled at home while doing her grandfather's laundry.[7] According to Giarratano, her grandfather would often come home from work covered in dirt and a white powdery substance that looked like flour.[8] Giarratano suggests that the dirt and powder on her grandfather's clothing were asbestos fibers manufactured by a host of Defendant companies. Giarratano also claims exposure to asbestos during any attendance at "family day" events at Avondale.[9]

Giarratano originally filed this suit on December 13, 2021 in the Civil District Court for the Parish of Orleans, State of Louisiana seeking damages for her claimed asbestos-related lung cancer.[10] One of the Defendants, Huntington Ingalls Incorporated, timely removed that action to this Court on January 14, 2022 pursuant to the federal officer removal statute, 28 U.S.C. § 1442.[11] Giarratano then filed a First Supplemental and Amended Complaint naming a host of manufacturing companies and alleged insurers, including, as is relevant for the purposes of this

---

[6] *See, e.g., id.* at ¶ 3; R. Doc. 387-21 at p. 1 (Hugh Verdoodt's Employment Records indicating a retirement date in 1982); R. Doc. 312-8, *Perpetuation Deposition of Kelly Giarratano* ("*Giarratano Perp. Depo.*") at 24:2–4.
[7] R. Doc. 53 at ¶ 10; R. Doc. 312-8, *Giarratano Perp. Depo.* at 22:2–25.
[8] R. Doc. 312-8, *Giarratano Perp. Depo.* at 18:15–20.
[9] *Id.* at 27:13–25, 28:1–12; R. Doc. 312-9, *Deposition of Kelly Giarratano* ("*Giarratano Depo.*") at 76:9–22.
[10] R. Doc. 1-1.
[11] R. Doc. 1.

Motion, Pennsylvania Insurance Company.[12]  Plaintiff alleges that PIC provided insurance coverage for the liability of several executive officers at Avondale as well as coverage to Eagle, Inc., an asbestos retail supplier.[13]

PIC filed the instant Motion on January 26, 2023 arguing that the Court should stay Plaintiff's claims against it under the first-to-file rule because of ongoing litigation in the United States District Court for the District of Massachusetts concerning, *inter alia*, PIC's liability for policies such as those at issue here.[14] Specifically, PIC argues that a separate insurance company named American Employers Insurance Company ("AEIC") issued the insurance policies covering Avondale's executive officers and Eagle, Inc. and that the Massachusetts action concerns whether PIC or a different insurance company, SPARTA Insurance Company ("SPARTA"), is responsible for paying claims related to policies issued by AEIC.[15] PIC contends that Sparta acquired AEIC from PIC in 2007 pursuant to a stock purchase agreement and that PIC has no liability for any AEIC-issued policy.[16] Because Giarratano can only recover against PIC if PIC is responsible for AEIC-issued policies, and because the Massachusetts action was filed first, PIC argues that this Court should stay this action until the Massachusetts court issues its ruling.[17]

---

[12] R. Doc. 53.
[13] *Id.* at ¶ 4, 33.
[14] R. Doc. 187-1 at p. 2.
[15] *Id.* at p. 3.
[16] *Id.* at p. 8; R. Doc. 238 at p. 2.
[17] The Court notes that PIC filed the instant Motion roughly two weeks after the Massachusetts court denied cross-motions for judgment on the pleadings on January 13, 2023.  *See* R. Doc. 187-3.

Giarratano timely filed a response opposing the granting of this Motion.[18] Giarratano argues that the first-to-file rule does not apply here because the parties and the issues in the Massachusetts action and in the present case do not "substantially overlap."[19] Giarratano contends that there is only one party—PIC—that is represented in both cases and that Giarratano's personal injury claims have nothing to do with the stock purchase agreement dispute in the Massachusetts action.[20] Giarratano also contends that because she has a statutory right under Louisiana law to sue an insurer in a direct action suit and a right to have all questions of insurance coverage decided by a jury, staying this case to allow for the Massachusetts court to determine PIC's potential liability for the policies relevant here would violate her statutory rights and her rights to a jury trial.[21] Finally, Giarratano argues that the convenience factors do not weigh in favor of staying her claims against PIC and that the Court should not sever her claims against PIC.[22]

## II. LEGAL STANDARD

The Fifth Circuit has explained that "[u]nder the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."[23] It is within the district court's discretion in determining whether an action should be

---

[18] R. Doc. 192.
[19] *Id.* at p. 3.
[20] *Id.* at pp. 4–8.
[21] *Id.* at pp. 8–11.
[22] *Id.* at pp. 11–15.
[23] *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 677–78 (5th Cir. 2011) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)).

stayed under the "first to file" rule.[24]  The "first to file" rule is grounded in the principle of comity which "requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs."[25]  "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[26]

The rule does not require that the cases be identical in nature; rather, a court with the later-filed action may stay an action if the there is "substantial overlap" between the cases.[27]  "Substantial overlap" exists where the two actions share the same substantive "core issues" and where "much of the proof adduced . . . would likely be identical."[28]  "Where the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute."[29]

## III. ANALYSIS

For Giarratano to recover against PIC, not only must she prove that (1) either

---

[24] *Id.* at 677 (quoting *Caddle Co.*, 174 F.3d at 603).
[25] *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (quoting *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985)).
[26] *Int'l Fid. Ins. Co.*, 665 F.3d at 678 (quoting *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997)).
[27] *Id.* (quoting *Save Power Ltd.*, 121 F.3d at 950).
[28] *Id.* (citing *West Gulf Maritime Ass'n*, 751 F.2d at 730 then quoting *Mann Mfg., Inc. v. Hortex Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)).
[29] *Save Power Ltd.*, 121 F.3d at 951 (quoting *TPM Holdings, Inc. v. Intra–Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)).

Eagle, Inc. or Avondale's executive officers, or both, are liable to her for injuries occurred during the time period in which AEIC allegedly insured those entities, she must also demonstrate (2) that PIC is responsible for paying claims on policies issued by AEIC, *i.e.*, that PIC is the proper insurer to be sued under the Louisiana Direct Action Statute.[30] Because that second issue is currently being decided in the action in the United States District Court for the District of Massachusetts, the Court finds that Giarratano's claims against PIC—and PIC only—must be stayed pending resolution of the Massachusetts action.

PIC argues that this Court should stay Giarratano's claims against it pursuant to the first-to-file rule. PIC contends that because the Massachusetts action predates the filing of this action, and because the issues in the Massachusetts action substantially overlap with the issues involved in Giarratano's claims against PIC, a stay in this matter is appropriate as it would eliminate the duplicative efforts and possibility of inconsistent results if both this Court and the Massachusetts court were to attempt to resolve the exact same issue of whether PIC or SPARTA is responsible for AEIC's obligations.

The Court has thoroughly examined the record and United States District Judge Dennis Saylor's orders in *SPARTA Insurance Company v. Pennsylvania General Insurance Company*[31] and concurs with PIC that the claims at issue have a

---

[30] *See Cortez v. Lamorak Ins. Co.*, No. CV 20-2389, 2022 WL 1320429, at *6 (E.D. La. May 3, 2022) (Vance, J.) ("An insurer is liable only for harmful exposures that occurred during the insurer's policy period with the alleged tortfeasor." (citing *Cole v. Celotex Corp.*, 599 So. 2d 1058, 1076 (La. 1992))).
[31] *See SPARTA Insurance Company v. Pennsylvania General Insurance Company*, Case No. 21-cv-11205 (D. Mass.).

direct bearing on Giarratano's ability to recover against PIC in the instant action. In the Massachusetts action, SPARTA brought suit against PIC alleging that PIC agreed, pursuant to a 2007 stock purchase agreement in which SPARTA acquired AEIC from PIC, to indemnify and hold SPARTA harmless for any and all liabilities arising from AEIC policies issued prior to SPARTA's acquisition.[32] Although not mentioned by name, such policies would presumably include the AEIC-issued policies relevant in the instant case.[33] PIC denies that it is responsible for paying claims for AEIC policies and instead argues that it ceded its insurance obligations to a different insurer, OneBeacon Insurance Company.[34] On January 13, 2023, the Massachusetts court denied PIC and SPARTA's cross-motions for judgment on the pleadings. Accordingly, as of the date of this Order, the Massachusetts action is ongoing and the question of whether SPARTA or PIC is liable for historic AEIC-issued policies remains unresolved.[35]

Although Giarratano argues that the first-to-file rule should not apply here because the parties and issues in this case and in the Massachusetts action do not "substantially overlap," Giarratano misconstrues the requirements of the first-to-file rule and the relief that PIC seeks here. That the present action "involves twenty-one (21) parties, with the only common party to the Massachusetts Declaratory Judgment Action being PIC"[36] is beside the point because PIC seeks to stay *only* the claims

---

[32] *See id.* at R. Doc. 1, 19.
[33] The AEIC policies allegedly issued to Eagle, Inc. and the Avondale executive officers were issued in the 1970s.
[34] *See id.* at R. Doc. 65, p. 7.
[35] *See id.* at R. Doc. 85.
[36] R. Doc. 192 at p. 5.

against it, *not* the entirety of the case. Giarratano's argument only makes sense if PIC were moving to stay the entirety of this litigation pending resolution of the Massachusetts action. But PIC's requested relief is not nearly as broad. If the Court were to stay Giarratano's claims against PIC, Giarratano would still be able to proceed against all other defendants. The existence of other defendants is irrelevant to whether there is substantial overlap between the action by Giarratano against PIC and the Massachusetts action. And because PIC is a party to both suits, the Court finds that there is substantial overlap between the parties.

Further, Giarratano's argument that there is no substantial overlap in the issues presented in both cases again mistakenly conflates her claims as a whole with her claims against PIC. The Court looks only to the issues presented in Giarratano's claims against PIC because it is only those claims that PIC seeks to stay. The issues involved in Giarratano's claims against all other defendants have no bearing on whether there is a substantial overlap in the issues presented in Giarratano's claim against PIC and the issues in the Massachusetts action. Undoubtedly, the Massachusetts action does not involve any of Giarratano's personal injury claims nor does it directly involve whether she can recover for damages based on insurance policies provided by AEIC to Eagle, Inc. and Avondale's executive officers. But, crucially, the Massachusetts action concerns whether or not PIC is the party potentially liable under those policies. That is, the Massachusetts action addresses not *whether* Giarratano may recover, but against *whom* may she recover. Again, Giarratano can only recover against PIC if she can demonstrate that PIC is

responsible for paying claims for policies issued by AEIC. To recover against PIC, Giarratano will have to make the exact same arguments about the effect of the 2007 stock purchase agreement between SPARTA and PIC that is at the center of the dispute in the Massachusetts action. And because that precise issue is currently being litigated in Massachusetts, the Court finds that there is substantial overlap in the issues between the two cases.

Giarratano's argument that staying her claims against PIC would deny her statutory rights under the Louisiana Direct Action Statute and her jury trial rights are similarly unavailing. First, staying this action to determine *which* insurer is potentially responsible for the AEIC-issued policies relevant to this case has no bearing on Giarratano's right to recover against the proper insurer. Giarratano has a statutory right of action against the insurer of the policies issued to Eagle, Inc. and the Avondale executive officers.[37] But her right extends only to the actual insurer of those policies.[38] Staying this matter to determine *who* the actual insurer and proper party is does not prejudice Giarratano in any way nor does it negate any of her rights under the Direct Action Statute.

Likewise, staying this action against PIC does not violate Giarratano's rights to have a jury determine the issue of insurance coverage. Giarratano conflates two separate inquiries: whether *an* insurer is liable under the AEIC-issued policy and *which* insurer is liable. The particular AEIC insurance policies issued to Eagle, Inc.

---

[37] This is not to suggest, one way or the other, that Giarratano has a *meritorious* claim, only that she has a statutory right under Louisiana law to sue the insurer of an alleged tortfeasor in a direct action.
[38] See La. R.S. 22:1269(B)(1) ("The injured person . . . at their option, shall have a right of direct action against the insurer within the terms and limits of the policy . . . .").

and the Avondale executive officers are not being construed or even considered in the Massachusetts action. Giarratano retains any right she might have to have a jury determine the effect of those policies and to determine liability under those policies. The issue actually being litigated in the Massachusetts action concerns which insurer is responsible for paying claims under those AEIC policies. Giarratano has no right to have a jury determine the effect of the 2007 stock purchase agreement between SPARTA and PIC and decide which entity maintains responsibility and an obligation for historic AEIC policies. Her right only extends to having a jury construe the relevant policies between the insured and insurer. As such, the Court finds no merit to Giarratano's suggestion that staying this matter will deny her her rights.

Finally, the Court finds no merit to Giarratano's suggestion that the convenience factors weigh against applying the first-to-file rule here. In the context of a motion to stay, the convenience factors make no sense to apply. With a stay, the litigation remains pending in *this* Court. The convenience factors are relevant only if the Court were considering transferring an action to a different court.[39] That is not the relief sought by PIC here. Accordingly, Giarratano's argument regarding the balance of the convenience factors is unavailing.

Because the Court finds that Giarratano's claims against PIC should be stayed pursuant to the first-to-file rule due to the ongoing litigation in Massachusetts

---

[39] Indeed, the case cited by Giarratano in support, *Hart v. Donostia LLC*, 290 F. Supp. 3d 627 (W.D. Tex. 2018), involved the application of the first-to-file rule in the context of motion to transfer an action to a separate court.

regarding the responsibility for past-issued AEIC insurance policies,[40] the Court declines to consider PIC's alternative argument that this Court should sever Giarratano's claims against PIC pursuant to Fed. R. Civ. P. 21.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion to Stay[41] is **GRANTED**. Plaintiff Kelly Giarratano's claims against Defendant Pennsylvania Insurance Company are hereby **STAYED** pending resolution of the claims asserted in *SPARTA Insurance Company v. Pennsylvania General Insurance Company*, Case No. 21-cv-11205 in the United States District Court for the District of Massachusetts and until one of the parties files a motion to lift the stay.

New Orleans, Louisiana, April 6, 2023.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[40] The Court notes that its decision to stay this litigation is consistent with the recent findings and conclusions of United States Magistrate Judge Michael North in a case involving a similar allegation by the same plaintiff's counsel as in the instant action that PIC is an obligor on historical AEIC policies. Judge North explained that "those additional claims and allegations are the subject of complex coverage litigation in a different forum (Massachusetts District Court)" and found that "allowing these claims and/or allegations to be pleaded in this case would result in undue delay owing to the necessity of litigating a collateral matter already pending in two other courts." *See Rivet v. Huntington Ingalls Inc.*, No. 22-2584, R. Doc. 78 (E.D. La. Mar. 9, 2023).
[41] R. Doc. 187.