UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| KELLY GIARRATANO | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 22-88 |
| HUNTINGTON INGALLS INCORPORATED, ET AL. | * | SECTION "D" (2) |

## ORDER AND REASONS

Pending before me are Defendants The American Insurance Company ("American") and Pennsylvania Insurance Company's[1] ("PIC") Motions to Quash Subpoena to Appear and Testify (ECF Nos. 539, 545) and Defendants Certain Underwriters at Lloyd's London and London Market Companies' ("London Insurers") Motion for Joinder and to Adopt American Insurance and Pennsylvania Insurance's Motions to Quash (ECF No. 548).  Plaintiff Kelly Giarratano timely filed Opposition Memoranda to American and PIC's motions, noting that Travelers' motion is moot because she has agreed to withdraw the subpoena as to Travelers, but did not file an Opposition Memorandum to the London Insurers' Motion for Joinder. ECF Nos. 553, 554.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the written submissions of counsel, the lack of Opposition Memoranda to London Insurers' Motion, and the applicable law, it is ordered that American and PIC's Motions to Quash (ECF Nos. 539, 545) and London Insurers' Motion for Joinder and to Adopt (ECF No. 548) are GRANTED and the subpoenas at issue are hereby QUASHED.

---

[1] Although Plaintiff's claims against Pennsylvania Insurance Company ("PIC") have been stayed pending resolution of the claims asserted in *SPARTA Insurance Company v. Pennsylvania General Insurance Company*, Case No. 21-cv-11205 in the United States District Court for the District of Massachusetts and until one of the parties files a motion to lift the stay (ECF No. 549), the trial subpoena directed to PIC remains outstanding and is thus addressed herein.

1

I.     BACKGROUND

This is an asbestos exposure case wherein Plaintiff Kelly Giarratano alleges that she was exposed to asbestos while living with her grandfather, Hughie Verdoodt, a longtime employee of Avondale Shipyards, which exposure caused her to develop asbestos-related lung cancer. ECF No. 53 ¶¶ 10, 11. Giarratano originally filed suit on December 13, 2021 in the Civil District Court for the Parish of Orleans, State of Louisiana seeking damages for her claimed asbestos-related lung cancer. ECF No. 1-1. Defendant Huntington Ingalls Inc. removed that action to this Court on January 14, 2022, after which Plaintiff filed a First Supplemental and Amended Complaint naming a host of manufacturing companies and alleged insurers, including American, PIC, Travelers, and the London Insurers. ECF No. 53.

The Amended Scheduling Order in this matter established a March 6, 2023 deadline for depositions and discovery. ECF No. 158 at 2. On March 21, 2023, Plaintiff Kelly Giarratano sent counsel for Defendants American, PIC, and London Insurers advanced copies of Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action to be served on each entity, which subpoenas command an appearance on the first day of trial, April 24, 2023. ECF Nos. 539-2, 545-2, 548-1, and 547-2. Each subpoena is directed to the entity itself (e.g., "To: American Insurance Company") rather than an individual and requires the production of, *inter alia*, "any and all documents, correspondence, memoranda or writing of any type evidencing coverage or indemnity at any time from 1962 to 1982 to [the alleged insured] . . . ." *See, e.g.,* ECF No. 539-2 at 6.

Defendants American, PIC, and the London Insurers now seek to quash the trial subpoenas. American asserts that the subpoena issued to it violates FED. R. CIV. P. 45's geographical limits, fails to tender payment or mileage fees in accordance with Rule 45 and Local Rule 45.1, and represents an "improper circumvention of this Court's Scheduling Order and other orders by demanding production of unnamed witnesses and documents at trial." ECF No. 539-1 at 1.

Similarly, PIC argues that a trial subpoena cannot be issued to a business entity or compel the attendance of a business entity which is domiciled more than 100 miles from the courthouse and the trial subpoena was never properly served. ECF No. 545-1 at 1. The London Insurers seek to join, adopt, and incorporate American and PIC's Motions to Quash and ask the court to quash the subpoenas issued against them as well. ECF Nos. 547, 548.

Plaintiff opposes each motion. ECF Nos. 553, 554. In response to American's motion to quash, Plaintiff asserts that her subpoena to the entity is proper because American is a party to the litigation and licensed as admitted insurers by the Louisiana Department of Insurance, Plaintiff served a witness fee and mileage check with the subpoena through its agent for service of process, the Louisiana Secretary of State, and she is not attempting to circumvent the discovery deadline by subpoenaing insurance policy documents because she is doing so for "authentication purposes" in the event that any party objects to the authenticity of other American Insurance policy documents at trial. ECF No. 553 at 1-2.

Opposing PIC's motion, Plaintiff argues first that the motion is moot because her case has been stayed as to PIC by order of this Court. In response to PIC's arguments, Plaintiff alternatively asserts that her subpoena was proper because she was not attempting to utilize Rule 30(b)(6) to subpoena PIC but rather Rule 45, and she did not include "30(b)(6)-type designation of areas of inquiry" in the subpoena but instead requested the production of certain documents pursuant to Rule 45(a)(1)(D). ECF No. 554 at 1-2. Plaintiff also avers that PIC may be subpoenaed to testify at trial in Louisiana pursuant to Rule 45(c)(1)(B)(i) because the entity regularly conducts business in this state. *Id.* at 2-3. Finally, Plaintiff argues that service was proper because, in addition to emailing the subpoena to PIC's counsel, she served the subpoena on PIC's agent for service of process in Louisiana: the Louisiana Secretary of State. *Id* at 3.

## II.   APPLICABLE LAW

### 1. Subpoenas Ad Testificandum

Rule 45(c) provides that a "subpoena may command a person to attend a trial, hearing or deposition. . . within 100 miles of where the person resides, is employed, or regularly transacts business in person" or "within the state where the person resides, is employed, or regularly transacts business in person, if the person is (i) a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."  Accordingly, "the court for the district where compliance is required must quash or modify a subpoena that . . . "(ii) requires a person to comply beyond the geographical limits specified in Rule (45)(c)." FED. R. CIV. P. 45(d)(3)(A). Rule 45(c) geographical limits apply to parties and their officers, directors, and managing agents.[2]

If a subpoena requires a person's attendance, FED. R. CIV. P. Rule 45(b)(1) and E.D. La. L.R. 45.1 direct the issuer to tender fees for one day's attendance and the mileage allowed by law.

### 2. Subpoenas to Corporations

There is no rule requiring that a corporate designee testify "vicariously" at trial.  *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 426, 434 (5th Cir. 2006).  While Rule 30(b)(6) specifically contemplates that a party may serve a subpoena on a corporation who must then designate a representative to testify, the rule applies only to depositions, not trial testimony.[3]  For this reason, Rule 30(b)(6) "may not be used in conjunction with Rule 45 to serve a subpoena on a corporation for purposes of securing trial testimony without naming a particular individual," and Rule 45 does not contemplate service of a subpoena on a corporate entity.[4]

---

[2] *Johnson v. Big Lots Stores, Inc.,* 251 F.R.D. 213, 215-216 (E.D. La. 2008) (Vance, J.) (discussing applicability of Rule 45(c)(3)(A)(ii) to parties and party officers in places outside the territorial limits defined in Rule 45(b)(2) and holding that a party or its officer cannot be compelled to attend trial in any judicial district).
[3] *United Tort Claimants v. Quorum Health Res., LLC*, 2014 WL 184984, at *10 & n.18 (Bankr. D.N.M. Jan. 15, 2014).
[4] *Id*. (citing *Hill v. Nat'l R.R. Passenger Corp*., No. 88-5277, 1989 WL 87621, at *1 (E.D. La. July 28, 1989) ("rule 30(b)(6) specifically applies to the deposition of a corporation. Rule 45. . . provides the proper procedure by which a person may be compelled to testify at trial.  There is no provision allowing the use of the 30(b)(6)-type designation of

4

### 3. Timeliness of Subpoenas Duces Tecum

The discovery deadline in this case was March 6, 2023. All three subpoenas at issue were issued over two weeks after the discovery deadline, on March 21, 2023, and command production of documents on April 24, 2023. *See* ECF Nos. 539-2 at 3-6, 545-2 at 3-7, 548-1 at 3-6. A party may not circumvent the governing scheduling order by issuing a subpoena duces tecum with a return date after the deadline for completion of discovery.[5] A Rule 45 trial subpoena duces tecum seeking production of certain specified documents at trial may be served after the close of discovery,[6] but it may only be used to secure production of original documents previously disclosed by discovery at trial.[7] It may not be used to obtain new documents not previously identified specifically on a party's exhibit list.

## III.   ANALYSIS

Initially, although Plaintiff's claims against PIC have been stayed, subpoenas may be issued to non-parties, and the subpoena is still active notwithstanding the PIC stay. Accordingly, this Court will address the subpoena directed to PIC.

---

areas of inquiry or allowing service on a corporation through an agent for service of process in order to compel a particular person, who may be a corporate employee outside the subpoena power of the court, to testify at trial.*"));*
*see also Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 694 (S.D. Fla. 2014) (noting that the use of Rule 30(b)(6) notices for defendants' corporate representatives, which notices include discovery requests for production at trial, is improper and there is no provision allowing for the use of such notice under Rule 45 as against another party or without specifically designating a named person within the jurisdiction to testify).

[5] *See Front-Line Promotions & Mktg., Inc. v. Mayweather Promotions, LLC*, No. 08-3208, 2009 WL 928568 (Roby, M.J.) (granting motion to quash subpoena duces tecum with a return date after the deadline for completion of discovery); *see also Mortgage Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 567-68 (W.D.N.C. 2002) (holding that subpoena duces tecum filed and served by plaintiff only five days before trial constituted "discovery" and would be quashed as beyond discovery deadline, where subpoena sought production of entire categories of documents rather than itemizing specific documents necessary for use at trial, and documents sought in the subpoena were requested, but not produced, during the course of discovery).

[6] *Kitchens*, 210 F.R.D. at 567 (citing *Rice v. United States*, 164 F.R.D. 556, 558 n.1 (N.D. Okla. 1995) (clarifying that "not all uses of Rule 45 subpoenas would constitute discovery and thereby be affected by discovery deadlines. For instance, a Rule 45 subpoena may be employed to secure the production at trial of original documents previously disclosed by discovery."); *Puritan Inv. Corp. v. ASLL Corp.*, No. 97-1580, 1997 WL 793569, at *1 (E.D. Pa. Dec. 9, 1997) (finding that "[t]rial subpoenas may be used to secure documents at trial for the purpose of memory refreshment or trial preparation or to ensure the availability at trial of original documents previously disclosed by discovery").

[7] *Rice*, 164 F.R.D. at 558 n.1.

Plaintiffs' trial subpoenas to American, PIC, and the London Insurers are improperly directed to the corporate entities rather than specific representatives (e.g., "To: American Insurance Company"). Rule 45 does not contemplate service of a Rule 45 trial subpoena on a corporation.[8] Likewise, the subpoenas command production of a broad category of documents (e.g., "[c]opies of any and all documents, correspondence, memoranda or writing of any type evidencing coverage or indemnity at any time from 1962 to 1982 . . .") that constitute discovery requests issued after the discovery deadline rather than specific documents sought for authentication purposes.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Rule 45 subpoenas served on corporate entities are improper as same fail to identify a corporate representative. Further, service of a Rule 45 subpoena duces tecum requiring production of broad categories of documents after the close of the discovery period is improper. Accordingly,

IT IS ORDERED that the Motions to Quash (ECF Nos. 539, 545) and Motion to Join (ECF No. 548) are GRANTED and the subpoenas issued to Defendants American, PIC, and the London Insurers are hereby QUASHED.

New Orleans, Louisiana, this 11th day of April, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[8] *Hill*, 1989 WL 87621 at *1 (quashing trial subpoena issued to "National Railroad Passenger Corporation").